UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVEN FREYTES RIVERA,     :
  Petitioner,       :  Case No. 3:20-cv-860(OAW)
             :
  v.           :
             :
STATE OF CONNECTICUT, ET AL.,   :
  Respondents.      :  JANUARY 13, 2022

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Steven Freytes Rivera has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his confinement pursuant to charges filed against him by the State of Connecticut including, possession of firearm and attempted assault on a public safety officer, in *State v. Freytes-Rivera*, Docket No. NNH-CR19-0224664-T. *See* Pet. Writ Habeas Corpus, ECF No. 1, at 2. Petitioner's address on file with the court is MacDougall-Walker Correctional Institution in Suffield, Connecticut. The State of Connecticut Department of Correction website reflects, however, that Petitioner is currently confined at Cheshire Correctional Institution. *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=375013. For the reasons set forth below, the petition for writ of habeas corpus will be dismissed.

## I. FACTS

The State of Connecticut Judicial Branch website reflects that in a criminal case filed in the Connecticut Superior Court for the Judicial District of New Haven, Petitioner has been arraigned on the following charges: one count of criminal possession of a firearm in violation of Connecticut General Statutes § 53a-217; one count of attempted assault on a public safety officer in violation of Connecticut General Statutes § 53a-167c; three counts of assault in the first degree in violation of Connecticut General Statutes § 53a-59(a)(3) and (5); one count of attempt to commit assault in the first degree in violation of Connecticut General Statutes § 53a-59(a)(1);

one count of reckless endangerment in violation of Connecticut General Statutes § 53a-63; and one count of illegal discharge of a firearm in violation of Connecticut General Statutes § 53-203. *See* Pet., Writ Habeas Corpus at 2; *State v. Freytes-Rivera*, Docket No. NNH-CR19-0224664-T.[1] Petitioner states that he pled not guilty at his arraignment and that a state court judge appointed a public defender, Angelica Papastavros, to represent him.  He claims that he has urged his attorney to file a motion for speedy trial, but she has refused to do so in violation of his Sixth and Fourteenth Amendment rights.  Pet. Writ Habeas Corpus at 9, 11, 18-19.  He asks the court to intervene in his state criminal case.

## II.  DISCUSSION

Section 2254(a) of Title 28 of the United States Code provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.*  Thus, "a *habeas corpus* petition brought under 28 U.S.C. § 2254 is the proper vehicle for a state prisoner who is in custody pursuant to the judgment of a state court and challenges the constitutionality of his custody." *Wells v. Annucci*, No. 19-CV-3841 (LLS), 2019 WL 2209226, at *2 (S.D.N.Y. May 21, 2019) (citing *Cook v. New York State Division of Parole*, 321 F.3d 274, 278 (2d Cir. 2003); *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002)).  Petitioner acknowledges that he has not been convicted or sentenced.  As an unsentenced detainee, Petitioner is not in custody pursuant to a judgment of a state court.  Accordingly, this court lacks jurisdiction to entertain this petition

---

[1]  Information pertaining to Petitioner's arrest and the criminal charges pending against him may be found under Freytes-Rivera, Steven on the State of Connecticut Judicial website at https://www.jud2.ct.gov/crdockets/parm1.aspx.  (Last visited December 28, 2021).

under section 2254. *Robinson v. Sposato,* 11–CV–191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012), at *2 ("Since petitioner, a pretrial detainee at the time he commenced this proceeding, was not 'in custody pursuant to the judgment of a State court' at the time he filed his petition, he cannot seek habeas corpus relief under Section 2254."); *Walker v. Sposato,* No. 11–CV–576, 2012 WL 580234, at *1 (E.D.N.Y. Feb. 17, 2012) (determining the court lacked jurisdiction over § 2254 petition filed before petitioner had "proceeded to trial").

Although a defendant who has not been convicted or sentenced is precluded from seeking relief under section 2254, district courts in the Second Circuit have liberally construed section 2254 petitions filed by pretrial detainees as having been filed under 28 U.S.C. § 2241(c)(3) which affords habeas corpus relief to a person "in custody in violation of the Constitution or laws or treaties of the United States." *See, e.g.*, *Dawson v. Brann*, No. 20-CV-4414(EK), 2020 WL 7711843, at *1–2 (E.D.N.Y. Dec. 29, 2020) ("In light of Petitioner's *pro se* status, the Court has also considered whether the petition should be construed as arising under Section 2241"); *Nieves v. Farber*, No. 1:20-CV-0990 (LJL), 2020 WL 1529454, at *3 (S.D.N.Y. Mar. 30, 2020) ("The Court construes Plaintiff's claims for injunctive and declaratory relief in his complaint and in his TRO application as claims for *habeas corpus* relief under § 2241"); *Delpha v. S. State Corr. Facility*, No. 2:16-CV-160-CR-JMC, 2016 WL 7985791, at *1–3 (D. Vt. Oct. 27, 2016), *report and recommendation adopted*, No. 2:16-CV-160, 2017 WL 375628 (D. Vt. Jan. 26, 2017) (construing habeas corpus petition improperly brought under § 2254 as a petition brought under 2241); *Marte v. Berkman*, No. 11 CIV. 6082 JFK, 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011) ("[I]n factually analogous cases where there is no judgment of conviction, numerous other courts have construed state pre-trial habeas petitions as applications

arising under the general habeas statute[, § 2241].”), *aff'd sub nom. Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012).

Even if the court were to construe the petition as filed under 28 U.S.C. § 2241(c)(3), the petition would still be subject to dismissal because Petitioner has not alleged that he exhausted available state court remedies prior to filing the petition.

In *United States ex rel. Scranton v. New York*, 532 F.2d 292 (2d Cir. 1976), the Second Circuit observed that “[w]hile 28 U.S.C. § 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal *habeas* relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.” *Id.* at 294 (citing *Ex parte Royall*, 117 U.S. 241, 252-53 (1886); *Fay v. Noia,* 372 U.S. 391 (1963); *see also Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 489-92 (1973) (requiring exhaustion of available state court remedies prior to filing section 2241 challenging detention on pending criminal charges pursuant to state detainer).  “The exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement.” *Braden,* 410 U.S. at 490 (citation omitted).

To meet the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair “opportunity to pass upon and correct alleged violations of its prisoners’ federal rights.”  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted).  A federal claim has been “fairly present[ed] in each appropriate state court, including a state supreme court with powers of

discretionary review," if it "alert[s] that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal parentheses and quotation marks omitted).  If a petitioner's remedies remain unexhausted, he may only seek a writ of habeas corpus under Section 2241 if: "(1) he establishes cause for his failure to exhaust and prejudice as a result of the alleged violation of federal law ... or (2) he demonstrates that the failure to consider his claims will result in a fundamental miscarriage of justice."  *See Robinson*, 2012 WL 1965631, at *2 (citing *Coleman v. Thompson,* 501 U.S. 722, 750 (1991)).

Petitioner concedes that he has not exhausted his remedies in state court.  Pet. Writ Habeas Corpus at 9.  He contends, however, that the "court never gave [him] the opportunity to exhaust any remedies."  *Id.* at 10.  Petitioner does not explain this statement.  Nor does he describe the attempts that he made to exhaust his state court remedies.  The court concludes that Petitioner has not demonstrated cause for his failure to exhaust his state court remedies or prejudice as a result of the alleged violations of his federal constitutional rights.  Nor has he asserted facts to suggest that a fundamental miscarriage of justice will occur if the court chooses not to consider his claims.  Accordingly, Petitioner has set forth no basis on which to excuse the judicially imposed exhaustion requirement that must be met before a Section 2241 *habeas corpus* petition may be considered by the court.

Even if Petitioner had established cause for his failure to exhaust his state court remedies and prejudice as a result of the alleged violations of his federal constitutional rights, Section 2241 cannot be used to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."  *Braden,* 410 U.S. at 493; *see also Younger v. Harris,* 401 U.S. 37, 45 (1971) (holding that federal courts cannot intervene in

ongoing criminal proceedings except in the most "extraordinary circumstances" and upon a clear showing of both "great and immediate" harm).  Petitioner is asking this court to consider a pretrial motion for speedy trial.  The court cannot permit the disruption of Petitioner's ongoing state criminal case by considering Petitioner's speedy trial and due process defenses prematurely.  Nor has Petitioner asserted facts to demonstrate the existence of extraordinary circumstances that would allow the court to intervene in his ongoing state criminal case.  *See, e.g.*, *Smith v. New Haven Superior Ct.*, No. 3:20-CV-00744 (KAD), 2020 WL 4284565, at *4–5 (D. Conn. July 27, 2020) ("Thus, even if Petitioner had exhausted his claims [construed as having been raised pursuant to Section 2241], or [that] exhaustion might arguably be excused, this Court is precluded from issuing orders that would interfere with Petitioner's ongoing state court prosecution under the *Younger* abstention doctrine.") (citing *Allen v. Maribal*, No. 11-CV-2638 (KAM), 2011 WL 3162675, at *1 (E.D.N.Y. July 25, 2011) (declining to consider pretrial speedy trial motion asserted in Section 2241 petition because to do so would "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court") (quoting *Braden*, 410 U.S. at 493); *York v. Ward*, 538 F. Supp. 315, 316 (E.D.N.Y. 1982) ("The writ of habeas corpus ... was never conceived to be the means by which a state proceeding can be aborted or a decree by which the orderly functioning of the State's judicial processes can be disrupted. Nor is the federal habeas corpus to be converted into a pretrial motion forum for state prisoners.") (quotation marks and citation omitted).

### III. **CONCLUSION**

Accordingly, the Petition for Writ of Habeas Corpus, [**Doc. 1**], is **DISMISSED** without prejudice.  The court concludes that jurists of reason would not find it debatable that the court

lacks jurisdiction under 28 U.S.C. § 2254 to consider Petitioner's claims as an unsentenced detainee or that Petitioner failed to exhaust his state court remedies as to his claims for habeas relief even if construed as having been filed under 28 U.S.C. § 2241(c)(3).  Thus, a certificate of appealability will not issue.

SO ORDERED at Hartford, Connecticut this <u>Thirteenth</u> day of January, 2022.


*/s/ Omar A. Williams*_____ _____
Omar A. Williams
United States District Judge